IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

            Plaintiff,

vs.                                    Case No. 15-3117-SAC

DAVID L. PLATT, et al.,

            Defendants.

**O R D E R**

This case is before the court for the primary purpose of deciding plaintiff's *pro se* motion to amend. Doc. No. 45. Plaintiff filed this action on May 14, 2015. The court screened the original complaint and issued a show cause order on July 21, 2015. Plaintiff responded to the show cause order. On March 16, 2016, the court granted plaintiff's motion to stay the case pending appellate proceedings in plaintiff's related criminal prosecution. Then, on September 29, 2017, the court lifted the stay, considered plaintiff's response to the show cause order, and further screened plaintiff's original complaint. Some claims and defendants were dismissed. The court also authorized the issuance of waivers of service of summons as to some defendants. There are motions to dismiss currently pending from the defendants who have waived service of summons. The court

1

considers Doc. No. 54 to be plaintiff's proposed amended complaint.

This case arises from a criminal investigation. Plaintiff alleges in the proposed amended complaint that defendants violated state and federal law and the Constitution in the collection and disclosure of cell phone oral communications and text messages. Plaintiff asserts that cell phone calls were intercepted by defendants without proper judicial authorization. Plaintiff further claims that text messages were collected without judicial authorization. The proposed amended complaint names the following defendants: David L. Platt, former Geary County District Judge; Glen F. Virden, KBI agent; Timothy Brown, former Junction City Police Chief; Tony Wolf, Geary County Sheriff; and T-Mobile U.S.A. Defendants Platt, Virden, Brown and Wolf are sued in their individual and official capacities.

I. Motion to amend standards

Granting or denying leave to amend is within this court's discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of the rule allowing amendments is to increase the opportunity to have each claim decided on its merits. See Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). A district court should deny leave to amend "'only

[upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010)(quoting Duncan v. Manager, Dep't of Safety, City & County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Of these factors, "undue prejudice" is the most important factor in deciding a motion to amend. Minter, 451 F.3d at 1207. "[I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed." Charles A. Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1487 (3d ed. 2017). Prejudice occurs typically when an amended claim arises out of a different subject matter and raises new factual issues which unfairly affect the preparation of a defense to a new claim. Minter, 451 F.3d at 1208. Delay can sometimes place a prejudicial burden upon an opposing party and the court. Therefore, "undue prejudice" is closely related to "undue delay." Id. at 1205.

"'If a proposed amendment is not clearly futile, then denial of leave to amend [on futility grounds] is improper.'" Youngblood v. Qualls, 2017 WL 5970828 *2 (D.Kan. 12/1/2017)(quoting Wright, et al., 6 FEDERAL PRACTICE & PROCEDURE § 1487)). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. Mackley

3

v. Telecom Holdings, Inc., 296 F.R.D. 655, 660 (D.Kan. 2014). The party opposing the motion to amend has the burden to establish futility. Id. at 661. Here, a rigorous futility analysis would be redundant because the court retains an independent obligation to screen a complaint and dismiss invalid claims under the provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.

As mentioned, "undue delay" may be a proper reason to deny a motion to amend. Cohen v. Longshore, 621 F.3d 1311, 1313 (10th Cir. 2010). The court must consider the explanation for the delay. Id.; see also, Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)(untimeliness alone is a sufficient reason to deny leave to amend, especially when there is no adequate explanation).

II.   The proposed amended complaint

The amended complaint alleges that on March 5, 2013 defendant Platt issued a wiretap order which directed the interception of oral communications outside of his territorial jurisdiction as a state district court judge. It further alleges that T-Mobile received the wiretap order on March 8, 2013 and intercepted and disclosed text and picture messages (electronic communications) even though the wiretap order did not authorize the interception and disclosure of such messages. Plaintiff claims that defendants Wolf, Brown and Virden had

4

knowledge that they illegally obtained oral communications and text and picture messages, but disclosed them to the United States Attorney's Office in violation of state and federal law. Plaintiff asserts that he did not find out that his phone had been tapped until June 4, 2013 after he had been arrested and appears upon criminal charges. Plaintiff further contends that it was months later when he saw the discovery in his criminal case.

Plaintiff contends that defendants violated: the Kansas Wiretap Act, K.S.A. 22-2514 et seq. (Count I); the Federal Wiretap Act, 18 U.S.C. 2510 et seq. (Count II); the Fourth Amendment (Count III); and unspecified provisions against conspiracy (Count IV). Plaintiff seeks monetary relief.

   III. The motion to amend shall be granted.

The opposition filed to the motion to amend does not substantially or persuasively argue undue prejudice. There is no claim that the amended complaint if permitted to proceed would unfairly affect defendants' preparation or otherwise cause significant prejudice. So, the most important factor for the court's consideration favors granting leave to amend. Aside from futility, which the court shall consider in the screening process, the opponents' main argument is undue delay. The court finds that there are reasons to excuse the delay in bringing the motion to amend. Plaintiff is proceeding pro se and has been

5

incarcerated in different locations during this litigation. Prison transfers can be disruptive and cause delay. This case was stayed for a significant time period as well. These are legitimate excuses for the delay in bringing the motion to amend.

Finding that there has been no showing of undue prejudice, undue delay, bad faith or dilatory motive, the court shall grant the motion to amend. The court will consider the alleged futility of the motion to amend as the court screens the amended complaint.

Any defendant named in the original complaint, but not named in the amended complaint, shall be dismissed from this action. Defendants' motions to dismiss the original complaint shall be considered moot.

IV. Screening

The court shall apply the same screening standards as were applied in the court's order at Doc. No. 3, pp. 5-6. The court's screening review has been informed by arguments advanced in defendants' motions to dismiss. But, because those motions are considered moot, the court shall not rule directly upon the arguments.

For the reasons described at pp. 4-6 of Doc. No. 9, defendant Platt shall be dismissed as a defendant upon immunity grounds. Plaintiff's official capacity claims against

6

defendants Platt and Brown shall be dismissed. The amended complaint identifies each of these defendants in his "former" capacity as judge and police chief. Because Platt and Brown are alleged to be no longer serving in a relevant official capacity, the claims against them in an official capacity should be dismissed. See Mathie v. Fries, 121 F.3d 808, 818 (2d Cir. 1997); Wishom v. Hill, 2004 WL 303571 *8 (D.Kan. 2/13/2004); Kmetz v. State Historical Society of Wisconsin, 300 F.Supp.2d 780, 786 (W.D.Wis. 2003). For the reasons set forth at pp. 7-8 of Doc. No. 11, plaintiff's § 1983 claim against defendant Virden in his official capacity shall be denied upon Eleventh Amendment immunity grounds.

Otherwise, the court shall permit plaintiff's claims to proceed. At this stage, the court believes plaintiff has stated plausible claims. There may be defenses regarding qualified immunity, good faith, statute of limitations, res judicata, absence of state action, and the possible application of Heck v. Humphrey among others. But, the court is not convinced on the face of the amended complaint that these defenses must prevail.[1] The court is also mindful that many of the arguments raised by the parties and considered by the court are affirmative defenses which should be used to dismiss claims at the screening stage

---

[1] The court recognizes that a related case, Ivory v. Platt, 2016 WL 5916647 (D.Kan. 10/11/2016), was dismissed at the screening stage. The plaintiff's claims in Ivory, however, were more limited legally and factually than the claims made in this case.

7

only in "'extraordinary instances when the claim's factual backdrop clearly beckons the defense.'" Banks v. Geary County Dist. Court, 645 Fed.Appx. 713, 717 (10th Cir. 4/14/2016)(quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)). Here, the factual backdrop is not so clear that the court has confidence that additional claims should be dismissed at the screening stage.

V. Conclusion

Plaintiff's motion to amend (Doc. No. 45) shall be granted. The amended complaint is Doc. No. 54. The currently pending motions to dismiss (Doc. Nos. 11, 29, 37 and 41) and the motion to proceed to trial (Doc. No. 20) shall be considered moot. Upon screening the amended complaint, the court directs that: defendant Platt be dismissed; the official capacity claims against defendants Platt and Brown be dismissed; the § 1983 claim against defendant Virden in his official capacity be dismissed; and that defendants Bennett, Hicks, Geary County, Kansas Bureau of Investigation, Junction City Police Department and Geary County Sheriff's Office be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2018, at Topeka, Kansas.


s/Sam A. Crow      _____
Sam A. Crow, U.S. District Senior Judge