IN THE STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

    Plaintiff,

v.                  Case No.5:15-cv-3117-SAC-DJW

TIMOTHY BROWN, [Former Junction City Chief of Police] GLEN VIRDEN, [KBI Special Agent]

DAVID PLATT, [Former Geary County District Judge]

TONY WOLF, [Sheriff of Geary County]

T-MOBILE, [Telephone Service Provider]

        Defendants,

[MOTION TO AMEND COMPLAINT AND REPLY TO DEFENDANTS MOTIONS TO DISMISS]

    COMES NOW, Plaintiff Anthony Thompson for his cause of action against Defendants' David Platt, Glen Virden, Timothy Brown, Tony Wolf, and T-Mobile USA states as follows;

[PARTIES]

(1) Plaintiff Anthony Thompson is an individual who was wiretapped by the defendants in violation of federal and state wiretap law.

(2) Defendant Timothy Brown (Formerly Chief of Junction City Police Department) is being sued in both his individual and official capacities.

(3) Defendant Glen Virden (Special Agent of Kansas Bureau of Investigations) is being sued in both his individual and official capacities.

(4) Defendant David Platt (Formerly a Geary County District

Judge) is being sued in both his individual and official capacities.

(5) Defendant Tony Wolf (Geary County Sheriff) is being sued in both his individual and official capacities.

(6) T-Mobile U.S.A. is (a wireless telephone service provider)

[JURISDICTION AND VENUE]

(7) Jurisdiction is proper in this Court pursuant to 42 U.S.C. 1983 because the defendants acting under the color of state law violated rights granted under federal law.

(8) Jurisdiction is also proper in this Court pursuant to 28 U.S.C 1332 and 1367 because this court has supplemental jurisdiction over the state law claims plus this court has original jurisdiction from part of the same case or controversy under Article III of the United States Constitution. Also the amount in the controversy of the plaintiff is believed to exceed the sum value of $5,000,000.00 exclusive of interest and cost.

(9) Venue is proper in this court pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District, and defendants either transact business in this District (T-Mobile) or employed by entities which reside within this District.

[FACTUAL ALLEGATIONS]

(10) On March 5, 2013 defendant Judge Platt entered an order of authorization for interceptions of plaintiffs wire communications. Judge Platt authorized that the interceptions may take place in any jurisdiction within the United States.

Based on the state and federal law in place at this time defendant Platt knew or had reason to know that he completely lacked jurisdiction to issue that specific wiretap order. KSA 22-2516(3) and 18 U.S.C 2518(3) only allows for a district judge to authorize interceptions to take place within the jurisdiction in which the respected judge sits. Based exclusively on its substance the order is invalid on the face of the document. The federal court has explicitly held that judge Platt lacked jurisdiction to issue interceptions outside of his judicial district.

(11) On March 6, 2013 defendants Timothy Brown, Tony Wolf, Glen Virden and approximately 50 of their subordinate officers all endorsed their signature on the invalid wiretap order. At the time of the defendants conduct Tony Wolf as Geary County Sheriff, Glen Virden as Lead KBI Agent for the region of Manhattan, and Timothy Brown as the Chief of Police for Junciotn City all had final decsion making authority within their respected departments. Based on the clearly established federal and state wiretap laws which were in place on this date, all defendants knew or had reason to know that the order they were endorsing was invalid on its face. See KSA 22-2516(3), and 18 U.S.C 2518(3). Our Circuit has held that a violation of state wiretap law is explicitly a violation of federal wiretap law. See United States v. Mcnulty.

(12) T-Mobile is a wireless telephone provider who regularly conducts business within this district. T- Mobile recieved a wiretap order from law enforcement on March 8, 2013. The wiretap order did not authorize T-Mobile to "disclose" electronic communications. T-Mobile violated the plaintiffs

rights under federal and state wiretapping statutes when it disclosed the plaintiffs private text messages to the other defendants without a court order. The disclosed interceptions include but are not limited to private text and picture messages to family members which were exchanged from a place within the privacy of plaintiffs home. T-Mobile's conduct resulted in the improper execution of the warrant. Our circuit does not allow for a good faith reliance based on an improper execution of a warrant. The federal law has a remedy for damages for this type of violation pursuant 18 U.S.C 2520.

(13) In April of 2013 Verizon informed the defendants Tony Wolf, Timothy Brown, and Glen Virden personally or through officials from the defendants agencies that the order it received failed to authorize interceptions of text messages. Verizon informed the defendants that if they wanted them to "disclose" Otis Ponds text messages they would have to send a specific request for interception of "electronic communications". The defendants supplemented the order and requested interceptions of electronic communications. Verizon then complied with the warrant and disclosed to the defendants Otis Ponds' text messages.

(14) Once Verizon explained to the defendants the different ty pes of communications defendants Tony Wolf, Timothy Brown, and Glen Virden all had knowledge that all of the text messages they recieved from T-Mobile beginning on March 8, 2013 were illegal under federal and state wiretapping laws. Even with this knowledge in hand at some time in between May 16, 2013 and June 4, 2013 the defendants "intentionally" and "willfully" under the supervision of Glen Virden disclosed

these text messages to the United States Attorneys Office. Subesquent to that the United States Attorneys Office disclosed those "electronic communications" to the United States Probation Office. The defendants did this even though they knew this information to be in violation of the federal and state wiretap law. This is sufficient to show an unofficial policy or practice by the defendants to violate the clearly established federal law.

(15) Defendants Tony Wolf, Timothy Brown, and Glen Virden intentionally "used" the illegal information in order to further their investigation. The defendants listened to and viewed hundreds probably closer to thousands of the plaintiffs calls and text messages while plaintiff was in the privacy of his own home speaking to family and friends. The defendants then used this private information in order to further there own personal agenda. Plaintiff's home was located in Manhattan Kansas which is outside of the jurisdiction of any valid interception according to the District of Kansas suppression order. To "use" information which was gathered in violation of the federal and state wiretap law results in liability for defendants for Tony Wolf, Timothy Brown, and Glen Virden under the federal and state wiretap statutes.

(16) The District Court for the District of Kansas explicitly held that Judge Platt lacked jurisdiction to issue interceptions outside of his judicial district. This resulted in the suppression of nearly 60,000 interceptions from the federal trial. According to this federal court Judge Platt acted in the complete absence of all jurisdiction when he issued a wiretap order which allowed interceptions to take

place in any jurisdiction in the United States.

(17) This complaint is only intended to allege that the defendants are liable for the illegal communications from the Federal Courts suppression order.

(18) Plaintiff's direct appeal only answered whether the third party doctrine applies to the governments gathering of cell site location information without a valid warrant. Whether the District Courts suppression remedy expanded far enough was never discussed by the Tenth Circuit on plaintiff's direct appeal. See United States v. Thompson, 866 F.3d 1149 (10th Cir 2017)

(18) On May 9, 2013 Judge Platt denied plaintiff counsel even though he was being held pursuant to a 99 felony count arrest warrant. No one ever explained to the plaintiff why he had 99 felony counts. Defendant Platt remanded the plaintiff into the custody of the Sheriff department under a 1.2 million dollar bond. On May 16, 2013 plaintiff appeared before Judge Platt again without counsel for a status hearing. At the hearing plaintiff asked Judge Platt on the record why he does not have counsel to inform him of why he is being charged with so many crimes. Judge Platt can be heard on the record stating "I hear your complaint but will not address your argument at this time". Plaintiff never found out that his phone was tapped until June 4, 2013 when he appeared in federal court and recieved legal representation. Plaintiff still never seen the actual wiretap order in question until months later when his counsel brought the discovery up for him to view personally. It was at this point when the plaintiff found out about the existence of the defective wiretap warrant.

(19) Judge Crabtree held the plaintiff has a right to privacy in all his text messages. Text messages are considered "papers" and or "effects" protected under the fourth amendment of the consitution.

[COUNT I]

[Violation of the Kansas Wiretap Statute]

(20) The Kansas wiretap statute prohibits the interception, disclosure or use of any wire, oral, or electronic communication.

(21) Defendants have violated the plaintiff rights under the Kansas wiretap statute. The plaintiff is directly affected.

(22) Tony Wolf, Timothy Brown, Glen Virden, and T-Mobile acted unlawfully to "disclose" to third parties such as law enforcement, the United States Attorney's Office and United States Probation Office the plaintiffs electronic communications from the first March order.

(23) Tony Wolf, Timothy Brown, and Glen Virden violated the Kansas Wiretap Act when they intercepted, disclosed, used, or procured others to intercept, disclose, or use plaintiffs private communications.

(24) Plaintiff is entitled to the rights and protections and benefits provided under the Kansas Wiretap Act. See KSA 22-2502,et seq.

(25) Plaintiffs are aggrieved parties within the meaning Kansas Wiretap Statute.

(26) Upon information from the discovery in the federal case defendants have "disclosed" and "used" or procured others to "disclose" and "use" private information which belonged to the plaintiff. The defendants used this information in order to

assist them in there investigation.

(27) Pursuant to the Kansas Wiretap Act, plaintiff is entitled to damages, but not less than the liquidated damages computed of one hundred dollars a day of each violation or ten thousand dollars whichever is greater.

(28) Plaintiff is further entitled to punitive damages.

(29) Defendants Tony Wolf, Timothy Brown, and Glen Virden are liable pursuant to KSA 22-2518 for plaintiff's attorney's fees and cost/expenses incurred in this action.

(30) Plaintiff was subject to the policy and practice of defendants Timothy Brown, Tony Wolf, and Glen Virden which caused his private information to be exposed to the public to the detriment of his right to life, liberty, and pursuit of happiness.

[COUNT II]

[Violation of Federal Wiretap Statute]

(31) The Federal Wiretap Act prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

(32) Defendants have violated Plaintiffs rights under the Federal Wiretap Act. The Plaintiff is directly affected.

(33) Tony Wolf, Timothy Brown, Glen Virden David Platt, and T-Mobile acted unlawfully by intercepting private communications and disclosing those communications to third parties including but not limited to the United States Attorney's Office, law enforcement officials, and the United States Probation Office.

(34) Defendants Tony Wolf, Timothy Brown, Glen Virden and T-Mobile violated the Federal Wiretap Act when they –

Intentionally intercept, disclose, use or procure to intercept, disclose, or use wire, oral, or electronic communications or Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication; knowingly or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of 18 U.S.C. 2511.

(35) The Plaintiff is entitled to rights, benefits, and protections provided under the Federal Wiretap Act. See 18 U.S.C. 2511 et seq.

(36) Defendants Tony Wolf, Timothy Brown, Glen Virden, and T-Mobile are "persons" within the meaning of 18 U.S.C. 2510(6).

(37) Plaintiff is an "aggrieved party" within the meaning of the Federal wiretap statute.

(38) Pursuant to the Federal Wiretap Statute plaintiff is entitled to damages but not less than the actual damages suffered by the plaintiff any profits made by the defendants as a result of the violation, or liquidated damages computed of one hundred dollars per each day of violation or ten thousand dollars which ever is greater.

(39) Plaintiff is further entitled to punitive damages.

(40) Defendants are liable pursuant to 18 U.S.C. 2520 for plaintiffs fees and cost/expenses incurred in this action.

[COUNT III]

[VIOLATION OF FOURTH AMENDMENT]

(41) A violation of the state and federal wiretap statute necessarily is a violation of the fourth amendment. The wiretap statutes at issue were specifically codified in order

to protect the fourth amendment rights of the plaintiff. A violation of the wiretap statutes in question today are sufficient to establish cause of action under the fourth amendment as well.

[COUNT IV]

[Conspiracy to Commit the Substantive Counts]

(42) Defendants Tony Wolf, Timothy Brown, and Glen Virden knowingly conspired with one another to commit the substantive counts in this complaint.

(43) Defendants knowingly or had reason to know that the interceptions which they endorsed must only take place within the jurisdiction of the court in which the authorizing judge sits. Private and public citizens are presumed to know and abide by all laws which are available to the public.

(44) In April of 2013 Verizon Wireless informed the defendants and their subordinate officers that the warrant did not authorize the interceptions of text messages. With this knowledge the defendants still disclosed or procured others to disclose the text messages which defendant T-Mobile illegally disclosed to them from the March order. This is sufficient to establish the conspiratorial intent between Tony Wolf, Timothy Brown, and Glen Virden.

[PRAYER FOR RELIEF]

Wherefore plaintiff prays defendants Tony Wolf, Glen Virden, Timothy Brown and T-Mobile are held liable for damages under the respective federal and state Wiretap Acts. The defendants should be ordered to pay no less than ten million dollars in compensatory and punitive damages. Defendants also shall be

held liable for statutory damages under 18 U.S.C 2511 and 2520. Finally plaintiff prays for the request for relief above, for cost and expenses for bringing this suit and any further relief the court deems necessary.

        Respectfully Submitted,


        /s/Anthony Thompson
        Anthony Thompson
        USP Leavenworth
        PO BOX 1000