IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

    **Plaintiff,**

    v.

GLEN F. VIRDEN, et al.,

    **Defendants.**

Case No. 5:15-cv-03117-HLT-KGS

## MEMORANDUM AND ORDER

In this action, pro se[1] Plaintiff Anthony Thompson asserts claims for violation of state and federal wiretap statutes, violation of the Fourth Amendment, and conspiracy related to the interception of his cellular communications in connection with a criminal investigation. Doc. 71. Plaintiff seeks reconsideration of the Court's November 16, 2018 Memorandum and Order granting the motions to dismiss filed by each of the remaining defendants to this action—Defendants T-Mobile U.S.A., Glen Virden, Timothy Brown, and Tony Wolf. Doc. 111. For the reasons discussed below, the Court denies Plaintiff's motion.

**I.    BACKGROUND**

The factual background underlying the parties' dispute is set forth in detail in the Court's November 16, 2018 order and is not repeated at length herein. *Id.* In sum, this case stems from the interception of Plaintiff's cellular communications in connection with an investigation into a suspected narcotics-trafficking conspiracy. Following that investigation, Plaintiff was indicted on federal criminal drug trafficking charges. Plaintiff subsequently filed this civil action, alleging that

---

[1] As a pro se litigant, Plaintiff is entitled to leniency and the Court liberally construes his allegations. *See Hunt v. Sapien*, 2007 WL 1520906, at *1 (D. Kan. 2007). The Court, however, may not become an advocate for Plaintiff. *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

various officials, agencies, and service providers violated state and federal law and the United States Constitution by intercepting and disclosing his communications without proper judicial authorization. Based on these allegations, Plaintiff asserted claims for: violation of the Kansas wiretap statute, K.S.A. §§ 22-2514, *et seq.*; violation of the federal Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510, *et seq.*; violation of the Fourth Amendment; and conspiracy.

Defendants—each of whom was associated to some extent with the investigation into the drug trafficking allegations—moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a claim for relief. On November 16, 2018, the Court agreed, granting Defendants' motions and dismissing Plaintiff's claims. Doc. 111. In its order, the Court found that: (1) Plaintiff's claims under the Kansas wiretap statute and the federal ECPA are barred by the good faith defense; (2) qualified immunity protects Virden, Brown, and Wolf from individual liability for Plaintiff's Fourth Amendment claim; (3) Plaintiff's claim against Wolf in his official capacity likewise fails because Plaintiff does not allege any unconstitutional policy or custom; (4) Plaintiff cannot establish a Fourth Amendment claim against T-Mobile because Plaintiff cannot show the requisite state action and, regardless, T-Mobile is absolutely immune from liability; and (5) Plaintiff fails to establish the existence of an underlying unlawful act necessary to support his conspiracy claim or to plead sufficient facts. *Id.* Judgment was accordingly entered in favor of Defendants. Doc. 112. On November 30, 2018, however, Plaintiff moved to alter or amend the Court's judgment pursuant to Rule 59(e).[2] Doc. 113.

---

[2] Plaintiff has also submitted a "Request to Grant the Requested Relief Against Defendant Glen Virden." Doc. 131. In that submission, Plaintiff contends the Court should "grant the requested relief from [his] motion under Rule 59(e)" as against Virden because, as of the date of his request, he had not yet received Virden's response to his motion. *Id.* The Court denies Plaintiff's request. A district court may, in its discretion, consider an untimely filing where the failure to timely act was the result of excusable neglect. *See* FED. R. CIV. P. 6(b); *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1288 n.14 (10th Cir. 2002). The Court finds that consideration of the pertinent factors—including the relatively minimal length of delay by Virden in responding to the motion to alter or amend, the lack of any impact on

## II. STANDARD

District of Kansas Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." Grounds warranting relief from judgment under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence, and (3) the need to correct clear error or prevent manifest injustice. *Brinkman v. Norwood*, 2018 WL 1806758, at *1 (D. Kan. 2018); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. But it is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Nor is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). The party seeking relief bears the burden of demonstrating that he is entitled to such relief. *Brinkman*, 2018 WL 1806758, at *1. Reconsideration of a judgment is an extraordinary remedy and should be used sparingly. *Id.*

## III. ANALYSIS

Plaintiff moves under the third ground for relief only: the need to correct clear error or prevent manifest injustice. Doc. 113. Plaintiff asserts nine different bases that he alleges constitute error warranting reconsideration, arguing: (1) the Court erred in relying on the statutory good faith defense to dismiss Plaintiff's wiretap claims; (2) Judge Crabtree's findings with respect to good

---

these proceedings occasioned by that delay, and the risk of prejudice to Virden were the Court to grant Plaintiff's request—justifies denial of Plaintiff's request. *See Secure Techs. Int'l v. Block Spam Now, LLC*, 2004 WL 2005787, at *2 (D. Kan. 2004) ("In determining whether the excusable neglect standard is met, courts should consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."). Finally, even if the Court did not consider Virden's response, Plaintiff's motion fails on the merits for the reasons explained in this order.

faith in the underlying criminal case have no applicability to the disposition of Plaintiff's claims here; (3) Tenth Circuit precedent dictates that the good faith exception does not apply to improper execution of a warrant; (4) the Court erred in finding Plaintiff failed to state a Fourth Amendment claim; (5) Virden and Brown are not entitled to qualified immunity because they violated a clearly established right; (6) Wolf is subject to liability in his official capacity because his conduct was representative of an institutional policy or custom; (7) the Court erred in finding T-Mobile did not act under color of state law; (8) T-Mobile is not entitled to absolute immunity because its actions were not authorized by the wiretap orders; and (9) Plaintiff has pleaded sufficient facts to establish a conspiracy. *Id.*

The first three bases identified by Plaintiff appear to go to the disposition of his state and federal wiretap claims, and bases four through eight are directed at his Fourth Amendment claim. The final alleged basis for error concerns the Court's dismissal of Plaintiff's conspiracy claim. The Court accordingly addresses the allegations of error with respect to each claim.

**A. Alleged Error in Dismissal of State and Federal Wiretap Claims**

Counts I and II of the amended complaint assert claims against Defendants under the Kansas wiretap statute and the federal ECPA. The Court held that both counts failed to state a claim because the wiretap statutes provide a complete defense where a defendant relies in "good faith" upon a court order authorizing interception. Doc. 111 at 7-8. Accordingly, based on Judge Crabtree's findings in the underlying criminal case, the Court held that Defendants were immune from suit under the good faith exceptions. *Id.* at 8. The Court further found that T-Mobile—as a "provider of wire or electronic communication service"—was also statutorily exempt from liability under the ECPA. *Id.* at 8 n.7.

In his motion, Plaintiff generally argues that the Court erred in relying on the statutory good faith defense to dismiss his wiretap claims. Doc. 113 at 2. But Plaintiff identifies no clear error in the Court's judgment, instead either rehashing arguments already advanced or presenting new legal theories that could have been—but were not—raised in his prior briefing. Neither approach is the proper function of a Rule 59(e) motion.

First, Plaintiff contends that Judge Crabtree's findings with respect to good faith in the underlying criminal case have no applicability to the disposition of Plaintiff's claims in this action. *Id.* at 3. Specifically, Plaintiff argues it was improper for the Court to rely upon Judge Crabtree's findings because Plaintiff presented facts in this action that were not considered by Judge Crabtree. *Id.* at 3-7. The Court already rejected this argument in its order, holding the Court was entitled to rely upon the findings in the underlying criminal case in concluding that Defendants' good faith provided a complete defense to Plaintiff's wiretap claims. Doc. 111 at 8; *see, e.g.*, *Wright v. Florida*, 495 F.2d 186, 1090 (5th Cir. 1974) (holding that good faith reliance on a court order is a defense to both Fourth Amendment claims and § 2520 of the ECPA); *Reed v. Labbe*, 2012 WL 5267726, at *9 (C.D. Cal. 2012) (relying on findings of the district court and court of appeals in plaintiff's underlying criminal case in concluding that § 2520(d) provided a complete defense to plaintiff's claims under the ECPA, warranting dismissal under Rule 12(b)(6)). This argument merely rehashes issues already addressed in the briefing of, and the Court's ruling on, Defendants' motions to dismiss, which is improper. *See, e.g.*, *Servants of the Paraclete*, 204 F.3d at 1012; *Brinkman*, 2018 WL 1806758, at *1. Plaintiff may not use his motion as a second chance to argue his case. *See Voelkel*, 846 F. Supp. at 1483.

Second, Plaintiff contends that Tenth Circuit precedent—*United States v. Medlin*, 798 F.2d 407 (10th Cir. 1986)—dictates that the good faith exception does not apply to improper execution

of a warrant. Doc. 113 at 7. Plaintiff argues that the Court's finding that the good faith exception applies here conflicts with *Medlin* and must be amended to comply with precedent. *Id.* Significantly, however, Plaintiff did not make this argument in his briefing on Defendants' motions to dismiss—this is the first time he has raised this theory. Rule 59(e) does not permit a losing party to present new legal arguments that could have been raised in earlier filings. *See, e.g.*, *Brinkman*, 2018 WL 1806758, at *1; *Jiying Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 2019 WL 117081, at *3 (10th Cir. 2019) (holding that motions under Rule 59 are "inappropriate for advancing new arguments or supporting facts that could have been raised in prior briefing").[3]

Plaintiff has not met his burden of showing that the Court has misapprehended the facts, his position, or the controlling law so as to justify relief under Rule 59(e). The Court accordingly rejects Plaintiff's arguments for reconsideration of its dismissal of Counts I and II.

### B. Alleged Error in Dismissal of Constitutional Claim

Count III of Plaintiff's amended complaint asserts a claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights. In dismissing this claim, the Court held: (1) that qualified immunity shielded Virden, Brown, and Wolf from individual liability under § 1983; (2) that Wolf was not subject to liability in his official capacity because Plaintiff failed to allege any unconstitutional policy or custom as required under § 1983; and (3) with respect to T-Mobile, that Plaintiff could not show the requisite state action and, regardless, T-Mobile was absolutely immune from liability. Doc. 111 at 9-14.

In his motion to alter or amend, Plaintiff alleges there is clear error in the Court's ruling on this claim because he properly pleaded a Fourth Amendment claim. Doc. 113 at 7. First, Plaintiff

---

[3] Even considering this argument, however, the Court finds that *Medlin* is inapposite and that the Court's finding regarding the application of the good faith exception here is not in conflict with *Medlin*.

claims Virden and Brown violated a clearly established right and are therefore not entitled to qualified immunity.[4] *Id.* at 8-10. As the Court explained in its holding, once an official raises qualified immunity, the plaintiff bears the burden to show (1) the official violated a statutory or constitutional right and (2) the right was "clearly established" at the time of the challenged conduct. Doc. 111 at 9-10; *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Plaintiff appears to take issue with the fact that the Court, in its order on the motions to dismiss, opted to first consider the second prong of the qualified-immunity analysis—whether the right was clearly established. This argument fails. As the Court noted in its holding, the order in which the two prongs are evaluated is within the Court's discretion. Doc. 111 at 10 n.9; *see also al-Kidd*, 563 U.S. at 735. According to the Supreme Court, this flexibility reflects an understanding that "the judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case." *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). This Court exercised its discretion to consider the second prong first and found that Plaintiff did not meet his burden of showing a violation of clearly established law. Doc. 111 at 10-11. This was proper. *See, e.g.*, *Pearson*, 55 U.S. at 242; *al-Kidd*, 563 U.S. at 735; *Brown v. Montoya*, 662 F.3d 1152, 1171 n.15 (10th Cir. 2011) (noting that, for a qualified-immunity analysis, the court "can decide first, under *Pearson*, whether the constitutional right the defendant has allegedly violated was clearly established").

Furthermore, in his response to the motions to dismiss, Plaintiff did not identify any authority establishing that the Fourth Amendment is violated by the specific facts of this case. *See*

---

[4] Although, as discussed above, the Court's November 16, 2018 order also included a finding that Wolf was entitled to qualified immunity from individual liability under § 1983 (Doc. 111 at 11), Plaintiff's motion does not appear to contest that finding. However, to the extent it does, the Court finds that—for the reasons set forth with respect to Virden and Brown—Plaintiff has not shown the Court clearly erred in finding Wolf was entitled to qualified immunity.

*al-Kidd*, 563 U.S. at 741-42 (to show a violation of clearly established law, the plaintiff must identify either controlling authority or a "robust consensus" of persuasive authority placing the constitutional question "beyond debate"). Nor does Plaintiff now come forward with any such authority in connection with this motion to alter or amend. Plaintiff has not shown the Court clearly erred in finding Virden and Brown were entitled to qualified immunity.

Second, Plaintiff argues the Court erred in holding that Wolf was not subject to liability under § 1983 in his official capacity. Doc. 113 at 10-12. Plaintiff contends that—contrary to the Court's holding—the amended complaint pleaded sufficient facts to "clearly show" an official policy or custom or, alternatively, to "permit the Court to infer" such a custom. *Id.* To support this argument, Plaintiff reasserts a number of facts from the amended complaint that this Court has already considered and held insufficient to show a custom or policy establishing liability in Wolf's official capacity. Plaintiff may not use his Rule 59(e) motion as a vehicle to revisit issues already addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. Again, Plaintiff has not shown clear error justifying amendment of the judgment.

Third, with respect to T-Mobile, Plaintiff argues the Court erred in finding T-Mobile did not act under color of state law. Doc. 113 at 12-15. Again, the Court rejected this argument in its order, holding that T-Mobile's conduct in complying with the state court's wiretap order did not constitute state action. Doc. 111 at 12-13; *see, e.g.*, *Green v. Truman*, 459 F. Supp. 342, 344-45 (D. Mass. 1978) (finding state court order "does not clothe [defendant] with the authority of state law necessary to satisfy the state actor requirement"); *Melnitzky v. HSBC Bank USA*, 2007 WL 1159639, at *9 (S.D.N.Y. 2007) ("[T]he mere compliance with a court order does not constitute action under color of state law."). Plaintiff's arguments on this point merely rehash issues raised in his prior briefing and do not provide any basis for clear error.

Fourth, Plaintiff contends that T-Mobile's conduct was not authorized by the state court wiretap orders. Doc. 113 at 15. Because Plaintiff contends the conduct was unauthorized, Plaintiff argues the Court erred in finding T-Mobile was entitled to absolute immunity. *Id.* Again, the Court has considered and rejected this argument. The Court found that T-Mobile acted in accordance with facially valid wiretap orders. Doc. 111 at 13-14. Therefore, under the doctrine of absolute immunity, those acts cannot form the basis for a § 1983 claim against T-Mobile. *Id.*; *see, e.g.*, *T & W Inv. Co. v. Kurtz*, 588 F.2d 801, 802-03 (10th Cir. 1978) (holding that receiver named as a defendant in corporation's civil rights action was a court officer who shared the judge's immunity to the extent he carried out the orders of his appointing judge); *Jarvis v. Roberts*, 489 F. Supp. 924, 929 (W.D. Tex. 1980) (in case involving claim under § 1983, finding that—where bank was merely complying with court order—actions complained of "were essentially those taken by the Court through its orders" and bank could not be held liable). Plaintiff has not showed the Court committed clear error in holding T-Mobile was entitled to absolute immunity.

Because Plaintiff fails to show that the Court has misapprehended the facts, his position, or the controlling law, the Court denies Plaintiff's request for reconsideration of its dismissal of Count III.

### C. Alleged Error in Dismissal of Conspiracy Claim

Plaintiff's final cause of action, Count IV, asserts a claim for conspiracy, alleging Defendants conspired to commit the wiretap and constitutional violations asserted in this lawsuit. The Court dismissed this claim, finding the amended complaint contained only conclusory allegations without any supporting facts. Doc. 111 at 14-16. The Court also held that, for the reasons set forth in its analysis of Plaintiff's other claims, Plaintiff failed to establish the existence of an underlying unlawful act necessary to support his conspiracy claim. *Id.*

In his motion, Plaintiff argues the Court erred in finding that he did not plead sufficient facts to establish a conspiracy between Virden, Brown, and Wolf. Doc. 113 at 15-16. Plaintiff also contends the Court erred in concluding there was no constitutional violation or violation of state or federal wiretap law to support his conspiracy claim. *Id.* Again, the Court already considered and disposed of these arguments in its order on the motions to dismiss. Plaintiff may not use his motion as a vehicle to rehash issues and arguments previously addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff has not shown that the Court misapprehended the facts, his position, or the controlling law so as to justify reconsideration. The Court therefore denies Plaintiff's request for reconsideration of its dismissal of Count IV.[5]

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's motion to alter or amend the Court's judgment of dismissal (Doc. 113) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's motion for order asking that the Court grant the requested relief against Defendant Glen Virden (Doc. 131) is DENIED.

IT IS SO ORDERED.

Dated: March 20, 2019            /s/  *Holly L. Teeter*
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE

---

[5] In his motion, Plaintiff also requests the Court "certify" or "adjudicate" certain alleged "undisputed facts" in this lawsuit pursuant to Rule 54(b) and (c). Doc. 113 at 16-18. The Court denies this request as Rule 54(b) (applying where "fewer than all" claims have been decided) and 54(c) (applying to default judgments and relief to be granted) have no application to Plaintiff's motion to alter or amend.