## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALBERT DEWAYNE BANKS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-3093-HLT-GEB |
| | ) | |
| SPRINT/NEXTEL WIRELESS TELEPHONE | ) | |
| COMPANY, et. al., | ) | |
| Defendants. | ) | |
| | ) | |
| ANTHONY THOMPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-3117-HLT-GEB |
| | ) | |
| SPRINT/NEXTEL WIRELESS TELEPHONE | ) | |
| COMPANY, et. al., | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court held a pretrial conference on September 1, 2022.  Plaintiffs appeared by and through Michael J. Shultz.  Defendants appeared by and through Jay E. Heidrick. The subject of this Report and Recommendation is the Plaintiffs' request to add a new claim to their pretrial orders under 47 U.S.C. § 605, ("§ 605"). After consideration of the Plaintiffs' request, the Court **RECOMMENDS** it be **DENIED**.

1

## I.     Background[1]

These cases were filed in 2015 and are aging.    In  this  suit,  the  Plaintiffs  sued
Defendants T-Mobile USA, Inc., Sprint/Nextel Wireless Telephone Company, and Virgin
Mobile USA/Sprint PCS for alleged violations of the Electronic Communications Privacy
Act, 18 U.S.C. § 2511, and the Kansas Wiretap Act, KSA 22-2502 et seq.[2] Specifically,
Plaintiffs allege Defendants disclosed their electronic communications to law enforcement
without proper judicial authorization.   Defendants allege they are not liable because they
disclosed  Plaintiffs'  text  messages  pursuant  to  and  consistent  with  a  lawful  judicial
authorization  and  because  they  qualify  under  the  statutes'  "good  faith"  exceptions  to
liability.

Following early dispositive motions and appeals, and once each individual case was
ready for formal scheduling, the Court conducted separate status conferences on June 16,
2020. (*See* ECF No. 152, No. 15-3093). Both Plaintiffs appeared *pro se*, and Defendants
were represented by counsel. Because these cases presented similarities regarding issues
of law and fact, they were eventually consolidated through the dispositive motion deadline.
(ECF No. 160, No. 15-3093). The Court also determined although Plaintiffs were able to
represent themselves through the various stages of litigation, the cases were at a point

---

[1] The background section is compiled from Plaintiff's Complaint (ECF No. 1) and the pretrial orders (ECF No. 235, No. 15-3093 and ECF No. 178, No. 15-3117) for each case and should not be considered as judicial findings or factual determinations.

[2] The original Complaint included Defendants David R. Platt, Steven L. Opat, Glen F. Virden, Timothy Brown, Brad Schoen, Ron Miller, Tony Wolf, Geary County, Kansas, KS Bureau of Investigation, Junction City Police Department, Riley County Police Department, and Topeka Police Department, who have all subsequently been dismissed.

where it was appropriate for counsel to be appointed, and Michael J. Shultz, an attorney in good standing, was appointed to assist the parties with their Rule 26(a)(1) disclosures. (ECF No. 154, No. 15-3093).  On July 8, 2020, the Court expanded the scope of Mr. Schultz' representation to, "the limited purpose of assisting Plaintiffs through discovery and dispositive motion practice." (ECF No. 160, No. 15-3093).

The initial schedule was entered on August 13, 2020 (ECF. No. 169, No. 15-3093) with brief modifications in September 2020. (ECF No. 172, No. 15-3093). After extensive discovery and summary judgment motion practice, the Court entered a Second Scheduling Order on February 28, 2022. (ECF No. 213, No. 15-3093). In the Second Scheduling Order, the parties agreed, and the Court ordered, "the deadline for filing any motion for leave to join…or otherwise amend the pleadings has passed and that they will not file any such motion(s) or amendments absent prior authorization from the Court for good cause." (*Id.*) Upon request of the parties, on June 1, 2022, the Court entered a Third Scheduling Order, which extended the discovery deadline to July 29, 2022; dispositive motion deadline to October 7, 2022; and the pretrial conference to September 1, 2022. (ECF No. 225, No. 15-3093).

Pursuant to the Third Scheduling Order, the parties submitted their proposed pretrial orders to the Court. For the first time, the Plaintiffs included a claim under 47 U.S.C. § 605, alleging unauthorized publication and use of electronic communications, and asked the Court to permit further amendment to their Amended Complaints to include such a claim.  Defendants object to the new claim as untimely, prejudicial, and futile under Fed.R.Civ.P. 15(a).

## II.    Recommendation of Denial of Amendment to the Amended Complaints.

"When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[3]  As such, any claims not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim.[4] "While we recognize that 'the pretrial order is treated as superseding the pleadings and establishing the issues to be considered at trial,' we do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order."[5] "Such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice."[6] In this case, the Plaintiffs seek to add a new claim a month after the close of discovery. "The laudable purpose of Fed.R.Civ.P. 16 is to avoid surprise, not foment it."[7]

The Court's pretrial conference was held seven days after receipt of the parties' proposed pretrial orders.  At the pretrial conference, the Court heard arguments from the Plaintiffs regarding the timing of this new claim.  Plaintiffs argued there was a general misunderstanding regarding the applicable statutes.  Defendants argued Plaintiff's counsel emailed Defendant's counsel on July 5, 2022, and informed Defendants of this new claim

---

[3] *Expertise Inc. v. Aetna Fin. Co.,* 810 F.2d 968, 973 (10th Cir.1987); Fed.R.Civ.P. 16(e).
[4] *Wilson v. Muckala, et. al,* 303 F.3d 1207, 1215 (10th Cir. 2002).
[5] *Id.*; Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1522.
[6] *Id.* at 1215-1216.
[7] *Wilson* at 1216.

for the first time, thus untimely, discovery is closed, and they have no ability to determine how the Plaintiffs want to calculate damages.  In addition, there is prejudice clearly beyond ordinary instances of prejudice if Plaintiffs are permitted to amend their Amended Complaints.  Finally, Defendants argue the addition of the new claim is futile, as § 605 was superseded by the Omnibus Crime Control and Safe Streets Act of 1968.

In *Smith v. Aztec Well Servicing Co.,* the court declined to allow plaintiffs to add a new claim to their pretrial order, despite plaintiffs identifying the possibility of bringing the claim through their answers to interrogatories more than a year prior to trial.[8]  In denying the plaintiffs' request, the court stated, "we typically expect plaintiffs to file a formal motion to amend their pleadings if they want to add an entirely new claim to their complaint."[9]  When the pretrial order attempts to add a new claim, it is the equivalent of asking leave to amend the complaint and should be evaluated by the court under the standards of Fed.R.Civ.P. 15(a).[10]  "While Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires,' if there has been undue delay on the part of the plaintiff in raising the claim, the district court may properly deny the motion as untimely."[11]  When analyzing whether a claim is untimely under Rule 15(a), the Court is to focus primarily on the reasons for delay, and the Tenth Circuit has held denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the

---

[8] 462 F.3d 1274, 1285 (10th Cir. 2006).
[9] *Id.*, (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs*., 181 F.3d 1180, 1186 (10th Cir.1999)).
[10] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir.2006).
[11] Fed.R.Civ.P. 15(a); *Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994).

delay."[12] Whether to grant leave to amend the pleadings under Rule 15(a) is within the discretion of the court.[13] The only explanation given by the Plaintiffs for their failure to seek amendment at an earlier date is a vague reference as to whether 47 U.S.C. § 605 applied in this instance.  These cases have been on file for nearly seven years, and the Plaintiffs have been working with their counsel since June 25, 2020. The Court does not find the Plaintiffs' explanations adequate.

Aside from the untimely nature of the proposed new claim, undue delay is closely related to prejudice, because undue delay places an "unwarranted burden on the court or will become prejudicial, placing an unfair burden on the opposing party."[14]   The idea of prejudice to the nonmoving party is the most important factor in deciding a motion to amend the pleadings.[15] Courts look to determine whether the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment."[16] In this case, an amendment at this late date, after discovery has closed, will clearly result in prejudice to the Defendants.  The Plaintiffs seek to add a damages' claim under § 605 and seem to allege damages should be calculated based upon each text message disclosed by the Defendants.  However, the Defendants are handicapped insofar as defending against this claim because they do not know how many text messages there might be. And, they are

---

[12] *Minter* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir.1993)).
[13] *Id.* at 1204.
[14] *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir.2004); see also *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir.2004).
[15] *Minter* at 1207.
[16] *Id.,* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)).

unable to readily obtain the text messages from law enforcement or have any ability to depose Plaintiffs to inquire regarding their damages' calculations.

For these reasons, the undersigned U.S. Magistrate Judge **RECOMMENDS DENIAL** of Plaintiffs' request to amend their Amended Complaints or to add new claims under § 605 in their pretrial orders. The Court need not analyze Defendants' futility claim under Rule 15(a), as the Court recommends denial of the amendment based upon undue delay and prejudice.

**IT IS THEREFORE RECOMMENDED** Plaintiffs' motion to amend their amended complaints or add new § 605 claims in their pretrial orders be **DENIED.**

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiffs Anthony Thompson at 2201 SE 25th, Topeka, Kansas 66605 and Albert Banks at 203 S. 7th, Apt. A, Ogden, Kansas 66517 by certified mail. Pursuant to 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiffs may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[17]

**IT IS SO ORDERED.**

---

[17] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated at Wichita, Kansas this 8th day of September 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge