United States District Court
For The District Of Kansas

Anthony Thompson,
Albert Banks, Plaintiff's                    Case No 5:15-CV-03117 HLT

## Request To Modify Pre-Trial Order

The plaintiff would begin by expressing his gratitude to former counsel Michael Shultz for all his hard work in litigating this complex wiretap issue. Without Mr. Shultz legal expertise there is practically no way we could have survived summary judgment. After summary judgment was defeated and prior to mediation I was returned to prison for having positive drug patches. I spent 40 plus days in Leavenworth USP and then was released to Mirror Inc in Topeka Kansas were I spent 120 days. This resulted in nearly six months that communications with me + Mr Shultz may not have been at its best based mainly on my being preoccupied with the probation violation in which I was facing years back in prison. During this period of time there were a few stipulations and concessions made by Mr Shultz which resulted from poor communications on my part. It was not until Mr Shultz asked me to go over the proposed pretrial order when I noticed these stipulations. First I noticed while going over the proposed pretrial order that the defendants took the position that we waived our state law wiretap statutory damages. Me and Mr Shultz discussed this and I asked him why would we waive a claim which made it passed summary judgment and was clearly count 1 of our Amended complaint. Mr Shultz informed me that he emailed me a copy of the stipulation and we both didn't catch it. Mr Shultz informed me that it was an oversite on both our parts. I asked him could he explain this to the court because I did not intentionally waive my count 1 state law claim. Mr Shultz informed me he would email the defendants and bring the issue up to the court.

Second I understood our waiver to only be for actual damages or punitive damages related to actual damages. There is no way I would

3

We also do have evidence of hundreds of text messages which was turned over to us by the law enforcement defendants. The text messages are in a 100+ page wiretap affidavit and contains hundreds of text messages of both plaintiffs. We have this information in our possession but it was never disclosed to the defendants during the discovery phase. We would ask for 30 days to perfect our discovery issues in order to have a determination of the case on its merits and understanding and not on miscommunication based on my lack of focus because of my supervised release violation. That case has been dismissed based upon motion from the government. This request although not ideal will allow the plaintiff's to rectify unintentional discovery waivers made through prior counsel. It will also allow the case to have a chance to be heard on the merits instead of being dismissed for procedural issues made by prior counsel which was made based on our miscommunication with one another.

Respectfully

Anthony Thompson