IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY THOMPSON,<br><br>**Plaintiff,**<br><br>v.<br><br>SPRINT/NEXTEL WIRELESS TELEPHONE COMPANY, et al.,<br><br>**Defendants.** | Case No. 5:15-cv-3117-HLT-GEB |

## ORDER

Plaintiff Anthony Thompson brings this action against Defendants Sprint/Nextel Wireless Telephone Company, T-Mobile USA, Inc., and Virgin Mobile USA/Sprint PCS, for alleged violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511 and the Kansas Wiretap Act, K.S.A. § 22-2502 et seq. Plaintiff alleges Defendants unlawfully disclosed his text messages to law enforcement. Plaintiff now proceeds pro se,[1] but he was represented by appointed counsel until about a month after the pretrial conference.

During the pretrial conference (and through the proposed pretrial order), Plaintiff requested to add a claim under 47 U.S.C. § 605. Magistrate Judge Birzer entered the pretrial order a week later and simultaneously issued a Report and Recommendation (R&R) recommending this Court deny Plaintiff's request.[2] Docs. 178, 179. Plaintiff timely objected.[3] Docs. 198, 199. Defendants

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2] Until recently, this case was consolidated with a companion case filed by Albert Dewayne Banks (Case No. 15-3093). Judge Birzer's R&R was directed at both plaintiffs' request to add a claim. This order only relates to Thompson's objection to the R&R. The Court addresses Banks's response to the R&R by separate order.

[3] In accord with the Court's orders dated October 13, 2022 (Doc. 193) and October 17, 2022 (Doc. 197), Plaintiff's objection filed October 31, 2022 (Doc. 198), as supplemented (Doc. 199), supersedes his prior objection filed September 26, 2022.

responded in opposition to Plaintiff's objection. Doc. 202.[4] Finding that denial of leave to amend is a dispositive issue and applying de novo review, the undersigned adopts the recommendation of Judge Birzer and overrules Plaintiff's objections because Plaintiff fails to show good cause for the delayed request, the proposed amendment is both untimely and unduly prejudicial to Defendants at this late stage of the case, and denial of amendment is not manifestly unjust to Plaintiff.

I.      BACKGROUND

This case presents a fairly atypical (although not unfamiliar) procedural posture. Plaintiff wants to add a claim to the case. But he didn't raise the issue in a motion to amend his complaint. *See, e.g.*, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("[W]hen an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial." (internal citations omitted)). An attempt to "add a new claim to the pretrial order [is] the equivalent of asking leave to amend." *Id*. And because of the timing, Plaintiff's request is not exactly a motion to amend the pretrial order, either. Plaintiff raised the issue during the pretrial conference. The pretrial order therefore acknowledges the issue. But the R&R actually contains the recommendation to the undersigned to deny Plaintiff's request. The Court therefore looks at Rule 16(b)(4) (filings after deadlines), Rule 15(a)(2) (amendment of complaints), and Rule 16(e) (amendment of pretrial orders) to resolve the objections to Judge Birzer's R&R.

---

[4] Replies in support of objections to R&Rs are not contemplated by Rule 72(b)(2) or by D. Kan. Rule 72.1.4(b). *See Holick v. Burkhart*, 2018 WL 4052154, at *4 (D. Kan. 2018).

**II.     STANDARD**

Whether a ruling on a motion to amend is dispositive or nondispositive depends on the ruling. Granting leave to amend does not remove any claim or defense from the case and is nondispositive. *See Wilson v. Wal-Mart Stores, Inc.*, 2008 WL 2622895, at *1 (D. Kan. 2008). But denying leave to amend, which determines a claim cannot be asserted, is viewed as dispositive. *See id.*

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections, and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In a de novo review, the court makes an independent determination of the issues. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "The district judge is free to follow a magistrate's recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." *Id.* (internal brackets, quotation, and citation omitted).

**III.    ANALYSIS**

In his objections, Plaintiff essentially makes three arguments: (1) he has shown good cause under Rule 16(b)(4) because his failure to plead the claim earlier was unintentional; (2) amendment is proper under Rule 15(a)(2) because it causes Defendants no prejudice; and (3) denying leave to amend under Rule 16(e) is unjust to Plaintiff.[5]

---

[5] Plaintiff also suggests that the Court should relieve him of a stipulation that he allegedly entered by mistake. Plaintiff stipulated to a waiver of actual and punitive damages. Doc. 228, Case No. 15-2093. Plaintiff also says he erroneously waived a state law claim, but the <u>claim</u> for violation of the Kansas Wiretap Act remains in the pretrial order. Doc. 178 at 11. Plaintiff only stipulated that he is not seeking <u>damages</u> for that claim. *Id.* These are not proper arguments to raise in objections to an R&R. The R&R does not touch on these matters, and it is too late for Plaintiff to object to other elements of the pretrial order. Even if the Court ignored the timeliness issue, Plaintiff also is not entitled to the requested release on the merits. This same request for relief (release from the damages stipulation) is also the subject of Plaintiff's motion to modify the pretrial order (Doc. 189). But the pretrial order may only be modified to prevent manifest injustice, which Plaintiff has not shown. Fed. R. Civ. P. 16(e). He submitted no evidence in support of Doc. 189 to show manifest injustice; he merely claims in his unsworn motion that he miscommunicated about and misunderstood the impact of the stipulation. But there is no indication he

### A.     Good Cause Under Rule 16(b)(4)

Plaintiff first argues that omission of the § 605 claim was unintentional and he has shown good cause for amendment. Plaintiff bears the burden to show good cause under Fed. R. Civ. P. 16 because the time for amendment has passed.

The Tenth Circuit has held that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). This case is a bit unusual. After appeal and remand, it appears no deadline for amendment was set. *See* Doc. 169; 172. But on February 28, 2022, the Court entered a second scheduling order. Doc. 213, Case No. 15-3093. In that scheduling order, the parties agreed, and the Court ordered, "the deadline for filing any motion for leave to join . . . or otherwise amend the pleadings has passed and that they will not file any such motion(s) or amendments absent prior authorization from the Court for good cause." *Id.* at 8. Plaintiff never actually filed a formal motion to amend, but he requested leave through his proposed pretrial order and during the pretrial conference, held on September 1, 2022.

As Judge Birzer noted, the only explanation Plaintiff offers for failing to raise a § 605 claim earlier is confusion about whether § 605 applied. But confusion is not an adequate excuse. This case has been pending (including appeal time) since 2015. Plaintiff has had appointed counsel since June 25, 2020. Plaintiff makes no allegation that the facts underlying his asserted claim were unknown to him but only that he didn't realize the statute might apply.

---

objected during the pretrial conference to utilization of the stipulation. And while the stipulation is contained in the pretrial order, as the Court noted above, it was actually filed as a document in the consolidated case on August 1, 2022. Doc. 228, Case No. 15-2093. Even if the Court were to find it appropriate to remove the reference to the stipulation from the pretrial order (and the Court does <u>not</u> find it appropriate), this action would not undo the stipulation entered in the record. Plaintiff's motion to be released from the impact of his stipulation about damages provides no valid basis for release (and appears to be missing a full page of text). The Court denies Plaintiff's motion to modify the pretrial order (Doc. 189) for all these reasons.

Plaintiff fails to show good cause, so the Court denies leave to amend. *See Gorsuch*, 771 F.3d at 1242. But the Court will also briefly discuss Plaintiff's other objections.

### B. Undue Delay and Prejudice Under Rule 15(a)(2)

Even though Plaintiff fails to meet the Rule 16 good-cause standard, the Court considers whether leave to amend should be granted under Rule 15. Rule 15(a)(2) states that subsequent amendments to pleadings may be made "only with the opposing party's written consent or the court's leave," and a "court should freely give leave when justice so requires." Whether to grant leave to amend is discretionary. *Minter*, 451 F.3d at 1204. Factors considered are undue delay, bad faith, failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, and futility of amendment. *See id.*

Judge Birzer found that Defendants would be prejudiced by allowing amendment, primarily because the case is in its late stages, discovery has closed, and Defendants would have no way to prepare their defenses to Plaintiff's damages asserted under § 605. Plaintiff claims that with his § 605 claim, damages should be calculated based upon each text message disclosed. But Defendants do not know how many text messages may be involved or which ones Plaintiff uses to assert damages. They also represent they are unable to obtain the text messages from law enforcement, and the time to depose Plaintiff about his damages calculations has passed.

The Court finds Plaintiff has unduly delayed in requesting amendment. For the same reasons he has not shown good cause, he has not adequately justified why he did not raise this issue earlier. A "misunderstanding" of the law, particularly when Plaintiff was represented by counsel for two years, is insufficient to justify the delay.

The Court further finds that allowing Plaintiff to add the § 605 claim would be unduly prejudicial to Defendants. Plaintiff claims discovery would only take a week. But this is pure

speculation. The case has been back from appeal and Plaintiff has had appointed counsel for more than two years. During this time, if Plaintiff had suggested he wanted to add another claim, Defendants could have taken discovery and postured themselves to defend a claim for significantly more damages. But Plaintiff's counsel first emailed defense counsel about Plaintiff's desire to add the claim in July 2022. Discovery closed July 29, 2022. Doc. 225 at 3. The case has been pretried and the dispositive motions deadline is approaching. This is not the time to change the posture of the case with a new claim, and to do so would be unduly prejudicial to Defendants.

Accordingly, the undersigned finds that leave to amend should be denied under Rule 15 based on the undue delay and prejudice to Defendants.

### C.    Manifest Injustice Under Rule 16(e)

Finally, Plaintiff suggests that manifest injustice will result if he is not allowed to amend. This standard is found in Fed. R. Civ. P. 16(e) and is used to evaluate whether the pretrial order should be amended. The moving party bears the burden to show manifest injustice will occur without amendment of the pretrial order. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The "manifest injustice" standard is stringent, requiring a movant provide an acceptable explanation for its tardiness. Advisory Committee Note to Rule 16(e).

Plaintiff's manifest injustice argument appears to be based on damages and the policy behind punishing Defendants. *See* Doc. 198 at 3 ("The [defendants] profit hundreds of millions of dollars off millions of citizens['] private communications and should be taught a lesson for their violation."). Plaintiff believes a § 605 claim allows him to seek $5 million in damages, as opposed to the $10,000 Defendants argue Plaintiff is limited to for his § 2511 claim.

Plaintiff has not demonstrated manifest injustice. The potential of limited damages is insufficient to require the Court to change the scope of the case after seven years of prosecution,

reopen discovery, and further delay dispositive motions briefing and potentially the trial. *See Debord v. Mercy Health Sys. of Kan., Inc.*, 2012 WL 589261, at *3 (D. Kan. 2012) ("But if such an allegation [of no damages recoverable] were sufficient to meet the standard, every motion to add a claim would necessarily be granted and 'manifest injustice' would be void of meaning."). Plaintiff is simply too late, his reasons for waiting to make the claim are insufficient, and he will not suffer manifest injustice merely because his damages claim may be lower.

## IV.  CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's objection to Judge Birzer's R&R (Doc. 198) is OVERRULED. The Court ADOPTS Judge Birzer's recommendation (Doc. 179) that Plaintiff's request for leave to amend his amended complaint to add a new claim in the pretrial order be DENIED for the reasons stated in this order.

IT IS FURTHER ORDERED that Plaintiff's motion requesting modification of the pretrial order (Doc. 189) is DENIED.

IT IS SO ORDERED.

Dated: November 17, 2022         /s/ *Holly L. Teeter*
                                 HOLLY L. TEETER
                                 UNITED STATES DISTRICT JUDGE