IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

    **Plaintiff,**

    v.

GLEN F. VIRDEN, et al.,

    **Defendants.**

Case No. 5:15-cv-03117-HLT

## ORDER

Plaintiff Anthony Thompson[1] brings a claim for statutory damages under the Federal Wiretap Act against Defendant T-Mobile USA, Inc. Defendant moves for summary judgment on Plaintiff's claim for damages and attorneys' fees because awarding statutory damages and attorneys' fees is in a district court's discretion. Doc. 204. Plaintiff moves for leave to amend his complaint. Docs. 214, 215. The Court denies the motion for summary judgment for the reasons explained below. The Court also denies Plaintiff leave to amend because he has not established good cause for his extremely tardy request.

---

[1] Plaintiff and his coconspirator, Albert Banks, filed civil suits separately. The cases were consolidated for discovery and dispositive motions, and the Court appointed counsel to represent both Plaintiffs. *See Thompson v. Virden*, No. 15-cv-03117, Doc. 170; *Banks v. Opat*, No. 15-cv-03093, Doc. 169. After summary judgment, Banks discharged counsel, and counsel withdrew from representing both clients. *Thompson*, Docs. 177, 190. The cases are no longer consolidated. *Thompson*, Doc. 194. Because Plaintiff proceeds pro se, his filings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**I.    BACKGROUND**

The long and complicated history of this case has been summarized in this Court's prior order in *Banks v. Opat*, No. 15-cv-03093, Doc. 208.[2] Thus, the Court describes only the essential background facts for deciding the current motion.

Plaintiff was convicted of multiple controlled substance offenses. *Id.* at 3. During the preceding criminal investigation, Judge David Platt in Kansas's Eighth Judicial District issued some wiretap orders that, *inter alia*, did not on their face authorize intercepting electronic communications (i.e., text messages). *Id.* at 2. Plaintiff and his codefendant Albert Banks separately brought civil actions claiming, as relevant here, violations of state and federal wiretap statutes by various government officials and two telecommunication carriers (T-Mobile and Sprint, collectively "Carrier Defendants"). *Id.* at 1, 3. This Court dismissed the cases, but the Tenth Circuit remanded for further proceedings on the state and federal wiretap claims stemming from the interception and disclosure of extraterritorial communications and text messages. *Id.* at 3-4.[3]

On remand, the cases were consolidated, and the government officials and Carrier Defendants moved for summary judgment. *Id.* at 4; Doc. 169. The Court granted summary judgment for the government officials. Doc. 208 at 4-10. Carrier Defendants moved for summary judgment by arguing that (1) the relevant orders authorized intercepting text messages and (2) alternatively, Carrier Defendants were entitled to the statutory defense of relying in good faith on a court order. *See id.* at 10. The Court denied summary judgment for Carrier Defendants because (1) the relevant orders did not authorize electronic communication interception, and (2) questions

---

[2] Unless otherwise noted, all citations in this background section are to *Banks* because that was the lead case when the Court issued its summary judgment order.

[3] The claims against the government officials dealt with intercepting all communications outside of Judge Platt's jurisdiction rather than with just intercepting text messages in general. Doc. 208 at 4.

of fact remained as to whether the release of the text messages was done in good faith reliance on the state court's orders. *Id.* at 10-13.

Since that order, Plaintiff and Banks stipulated that they were not seeking actual or punitive damages, only statutory damages under 18 U.S.C. § 2520(c)(2)(B). Doc. 228.[4] Plaintiff's case is no longer consolidated with Banks's case.

Defendant now moves for summary judgment on Plaintiff's claim for statutory damages and attorneys' fees. *Thompson*, Doc. 204. Plaintiff moves to amend his complaint to reassert additional damages theories and two additional claims. *Thompson*, Doc. 215.

## II.   ANALYSIS

### A.   Motion for Summary Judgment

The sole remaining claim in this case is under § 2520. Defendant contends the only legal issue that remains on this claim is whether the Court should exercise its discretion and award statutory damages. Doc. 205 at 1-2. This framing overlooks the question of liability. Defendant does not concede liability. Doc. 212 at 1-2. Defendant instead argues that the Court should decline to award damages regardless of its liability. *Id.*

This argument puts the cart before the horse in this case. Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant provides <u>no caselaw</u> deciding the issue of damages before deciding liability. Notably, Defendant primarily relies on *Reynolds v. Spears*, 93 F.3d 428 (8th Cir. 1996) and *Nalley v. Nalley*, 53 F.3d 649, (4th Cir. 1995). In *Reynolds*, "the District Court granted summary judgment against Juanita Spears, as executrix of Newell's estate, in favor of all

---

[4] Plaintiff and Banks also sought statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). The Court subsequently adopted the magistrate judge's recommendations to not allow Plaintiff or Banks to amend their complaints to add this claim. Doc. 246; *Thompson*, Doc. 203.

3

the intercepted plaintiffs who were not time-barred" before deciding damages. 93 F.3d at 431. In *Nalley*, the defendant "stipulated to a single, one-day violation of the Act, and the parties proceeded to trial on the sole issue of damages." 53 F.3d at 650. Thus, liability was decided before the Court evaluated statutory damages.

Even if it were appropriate for this Court to decide damages before liability, questions of fact remain regarding the factors the Court would consider in determining whether statutory damages should be awarded. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 325-26 (4th Cir. 2008). The factual questions in the record that prevented summary judgment on liability also prevent the Court from granting summary judgment on damages. The Court thus denies summary judgment on damages at this time. The Court reserves its ability to deny statutory damages and fees at a later stage, however, with a more-developed record.

**B.      Motion for Leave to Amend**

Plaintiff moves to amend his damages claims because it was an oversight by him and his then-counsel to stipulate to federal statutory damages. Doc. 215 at 5. Plaintiff also seeks to add a § 1983 civil conspiracy claim and a state-law invasion-of-privacy claim. *Id.* at 5-6.[5] Plaintiff bears the burden to show good cause to amend under Federal Rule of Civil Procedure 16 because the time for amendment has passed. And even if Plaintiff were to show that good cause existed under Rule 16, he would have to show amendment under Rule 15 is appropriate.

"[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so [under Rule 16]." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). "Denial of leave to amend [under Rule 15] is

---

[5] Plaintiff's proposed amended complaint includes claims that are no longer in this case. Doc. 214. Plaintiff does not argue that these claims should be revived.

appropriate when the party filing has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Litigants are generally bound by the actions of their attorneys. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002).

Plaintiff claims that it was a mere oversight to stipulate to pursuit of only federal statutory damages (and thus waive pursuit of state-law and punitive damages). On the contrary, the Court can envision several reasons why Plaintiff's then-counsel would choose to stipulate to seeking only federal statutory damages. However, even if Plaintiff is correct and the stipulation was an oversight, "[t]hose who act through agents are customarily bound by their agents' mistakes. It is no different when the agent is an attorney." *Gripe*, 312 F.3d at 1189. Plaintiff does not articulate why it was an error for him and his counsel to narrow the focus of this case, nor does Plaintiff provide good cause to excuse himself from being bound by his then-counsel's actions. Therefore, the Court denies the motion to amend Plaintiff's damages claim.

Turning to Plaintiff's conspiracy and invasion-of-privacy claims, it appears Plaintiff is arguing that he learned about these claims through discovery. Doc. 215 at 5-6. As this Court noted in its previous order denying Plaintiff leave to add a claim under 47 U.S.C. § 605, this case has been pending since 2015. Doc. 203 at 4. The most-recent round of discovery closed in July 2022. *Id.* at 6. Plaintiff provides no good cause for failing to seek leave to amend until now.

Even if Plaintiff could show good cause to justify these extremely late proposed amendments, the Court finds that amendment should not be allowed under Rule 15. The Court considers the following factors: undue delay, bad faith, failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, and futility of amendment. *Minter*, 451 F.3d at 1204. Amending the complaint now would delay this eight-year-old case, which has a fast-approaching trial date. Plaintiff failed to include these amendments in his earlier amendment

5

attempts, the last of which the Court ruled on in November 2022. Doc. 203. Defendant would be prejudiced by this eleventh-hour amendment. Defendant has already gone through two rounds of summary judgment briefing, and these amendments would entail further briefing, delay, and expense. The Court therefore also denies the motion to amend under Rule 15.

### III.     CONCLUSION

The Court carefully considered the facts before it and understands why Defendant filed this motion—liability is a question of fact for the jury and statutory damages is a decision for the Court. But, regardless of the decisionmaker, this record is not so one-sided that the issue can be resolved on the briefing. The Court thus finds that it is premature to make a ruling on damages at this time and on this record. The Court further finds that Plaintiff has not shown good cause to amend his complaint this late in the case. This case remains set for trial.

THE COURT THEREFORE ORDERS that Defendant's Motion for Summary Judgment (Doc. 204) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's Motion for Leave to Amend (Docs. 214, 215) is DENIED.

IT IS SO ORDERED.

Dated: March 31, 2023                                  /s/ *Holly L. Teeter*
                                                                     HOLLY L. TEETER
                                                                     UNITED STATES DISTRICT JUDGE