IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY THOMPSON,<br><br>**Plaintiff,**<br><br>v.<br><br>T-MOBILE U.S.A.,<br><br>**Defendant.** | Case No. 5:15-cv-03117-HLT |

# ORDER

Plaintiff Anthony Thompson[1] brings a claim for statutory damages under the Federal Wiretap Act against Defendant T-Mobile USA, Inc. Defendant moved to exclude evidence of claims and damages theories that are no longer in this case (the first topic in its motion in limine). Doc. 228. In contrast, Plaintiff moved for leave to present his former state-law and punitive damages claims to the jury because the theories for those claims do not vary much from his current claim so as to prejudice Defendant (the first topic in his motion in limine). Doc. 229. The Court granted Defendant's motion and denied Plaintiff's motion at the limine hearing. Doc. 239. The Court explains its reasons more fully below.

Plaintiff's arguments at the hearing focused primarily on the stipulation that he and his then-counsel entered on August 1, 2022.[2] That stipulation limited his claims to federal statutory

---

[1] Plaintiff and his coconspirator, Albert Banks, filed civil suits separately. The cases were consolidated for discovery and dispositive motions, and the Court appointed counsel to represent both Plaintiffs. *See Thompson v. Virden*, No. 15-cv-03117, Doc. 170; *Banks v. Opat*, No. 15-cv-03093, Doc. 169. After summary judgment, Banks discharged counsel, and counsel withdrew from representing both clients. *Thompson*, Docs. 177, 190. The cases are no longer consolidated. *Thompson*, Doc. 194. Because Plaintiff now proceeds pro se, his filings and arguments are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The stipulation was entered before the pretrial order. It was also included in the pretrial order. The Court analyzes the stipulation on its own merits, but even if the Court analyzed this as a motion to amend the pretrial order using the factors in *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000), the result would be the same.

damages. A court "cannot overlook or disregard stipulations which are absolute and unequivocal. Stipulations of attorneys may not be disregarded or set aside at will." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1186 (10th Cir. 2018) (citation omitted). "[A]ttorneys stipulate many things for many reasons in preparation for and in the course of trials." *L.P.S. by Kutz v. Lamm*, 708 F.2d 537, 540 (10th Cir. 1983). Courts generally enforce stipulations absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement. *In re Durability Inc.*, 212 F.3d 551, 555 (10th Cir. 2000). Nevertheless, "a stipulation of counsel originally designed to expedite the trial should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties." *Lincoln*, 900 F.3d at 1188 (citation omitted); *cf. Cribari v. Allstate Fire & Cas. Ins. Co.*, 861 F. App'x 693, 711 (10th Cir. 2021) (requiring only a "good reason" to withdraw from a stipulation that *inter alia* did not make the final pretrial order). The standard for relief from a stipulation included in a pretrial order is consistent with the standard for relief from a pretrial order generally. *See In re Durability Inc.*, 212 F.3d at 556. A district court ultimately has broad discretion in deciding whether to enforce a stipulation. *Lincoln*, 900 F.3d at 1188.

This Court cited *Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184 (10th Cir. 2002), in an earlier order denying Plaintiff leave to amend his complaint to (among other things) reassert his state-law and punitive damages claims. Doc. 216. At the hearing, Plaintiff argued that the facts of *Gripe* are distinguishable from this case because the plaintiff in *Gripe* had chosen his counsel and that counsel had made repeated errors. Thus, enforcing the sanction in *Gripe* did not justify enforcing the stipulation that he and his then-counsel entered in this case, nor would reintroducing these theories prejudice Defendant or the Court.

With regards to *Gripe*, Plaintiff is in some sense correct that the facts of that case were more extreme. *Gripe* involved a dismissal of the plaintiff's entire case with prejudice due to the actions of the plaintiff's counsel. *Gripe*, 312 F.3d at 1187-88. But the general principle that a client is bound by an attorney's action, however, still applies in this instance. The Tenth Circuit's analysis in *Gripe* shows that being bound by the actions of an agent applies outside of the dismissal-as-sanction context: "[w]hen an attorney drafting a contract omits an important clause, the client who signs the contract is bound. When a trial attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences." *Id.* at 1189. The same principle applies here because "[l]itigation stipulations can be understood as the analogue of terms binding parties to a contract." *Lincoln*, 900 F.3d at 1186 (citation omitted).

Plaintiff also seems to insinuate that his situation is different from *Gripe* because he had appointed counsel, whereas the plaintiff in *Gripe* had chosen his attorney. The record refutes such an implication. Plaintiff requested appointed counsel no less than five separate times. *See* Docs. 27, 39, 77, 114, 156. The magistrate judge appointed counsel on June 25, 2020, after the Tenth Circuit's remand. Doc. 162. Counsel's appointment was lifted by the magistrate judge on April 1, 2022, but Plaintiff chose to retain his formerly appointed counsel. Doc. 175. Counsel moved to withdraw after the attorney was discharged by then co-Plaintiff Albert Banks on August 31, 2022. Thus, Plaintiff was represented by counsel that he chose to retain at the time his counsel entered the August 1, 2022 stipulation.

Therefore, the Court declines to find that manifest injustice occurred based on Plaintiff's former counsel being appointed initially. The Court also notes that Plaintiff's former counsel is a highly competent attorney. He graduated from law school with honors and was Editor-In-Chief of the Washburn Law Journal. He has practiced in state and federal court for over fifteen years.

Plaintiff was given counsel who is well-regarded <u>free of charge</u>.[3] The Court declines to revisit its prior rulings based on any factual distinction between this case and *Gripe*.

Plaintiff also cited to *Quigley v. Rosenthal*, 327 F.3d 1044 (10th Cir. 2003). Plaintiff relies on *Quigley* to indicate when a claim should go to the jury. In *Quigley*, the Tenth Circuit held that there was sufficient evidence of a principal-agent relationship in the context of a federal wiretap claim for that issue to go to the jury. *Id.* at 1065. But the issue with Plaintiff's state-law and punitive damages claims, however, is not sufficiency of the factual evidence. It is the legal significance of the stipulation that he and his counsel entered.

Ultimately, Plaintiff bears the burden of showing a manifest injustice has occurred. He fails to do so. Plaintiff first raised the stipulation issue on September 26, 2022. Doc. 189. This was almost two months after Plaintiff entered the stipulation and several weeks after the pretrial order was entered. That filing indicates that his then-counsel showed him the stipulation and that he agreed to it. His argument then and now is that he simply made a mistake in agreeing to the stipulation along with his attorney because he was distracted by a probation violation.[4] He fails to show how enforcing his voluntary agreement is unjust. He implies that he is now foreclosed from damages he's otherwise entitled to. But the Tenth Circuit and the District of Kansas have enforced stipulations even when parties ultimately limit their own damages or claims. *See, e.g.*, *Lyles v. Am. Hoist & Derrick Co.*, 614 F.2d 691 (10th Cir. 1980) (affirming enforcement of stipulation where party received $25,070 rather than up to $63,664.64); *Pyles v. Boeing Co.*, 187 F. Supp. 2d 1311

---

[3] Plaintiff has previously acknowledged his former counsel's excellence. Plaintiff said the following in a filing shortly after counsel moved to withdraw: "[P]laintiff would begin by expressing his gratitude to former counsel . . . for all his hard work in litigating this complex wiretap issue. Without [former counsel's] legal expertise there is practically no way we could have survived summary judgment." Doc. 189 at 1.

[4] Plaintiff's prior motion on this issue was a motion to amend his complaint. Docs. 214 and 215. This further emphasizes that he is suffering buyer's remorse rather than unforeseen manifest injustice.

(D. Kan. 2002) (affirming stipulation limiting claims to a specific timeframe). The Court thus finds no manifest injustice.[5]

THE COURT THEREFORE ORDERS that Defendant's Motion in Limine (Doc. 228) is GRANTED as to Topic #1.

THE COURT FURTHER ORDERS that Plaintiff's Motion in Limine (Doc. 229) is DENIED as to Topic #1.

IT IS SO ORDERED.

Dated: May 24, 2023                                /s/ *Holly L. Teeter*
                                                   HOLLY L. TEETER
                                                   UNITED STATES DISTRICT JUDGE

---

[5] And even if Plaintiff only needed to show good cause, his motion would also fail.