# UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

ANTHONY THOMPSON,

    Plaintiff.

v.

                                                            Case No: 15-3117-HLT

T-MOBILE

    Defendant,

## PLAINTIFF'S OBJECTION TO THE DISTRICT COURT'S MOTION IN LIMINE ORDER AND REQUEST FOR INTERLOCUTORY APPEAL PURSUANT TO 28 USC 1292(b) AND OR THE COLLATERAL ORDER DOCTRINE

### Objection

The plaintiff withdrew a number of positions at the motion in limine hearing in order to proceed with the hearing in a more efficient manner. These withdrawals were made to move forward with the hearing and not to be considered a concession from the positions raised in the motion of limine. This is a formal objection to the District Courts motion in limine order. See Doc. 240.

**<u>Notice of Interlocutory Appeal</u>**

The plaintiff argued that he should be allowed to present his state law wiretap and punitive damages claim at trial because his attorney waived and stipulated to withdraw the issues without the intended consent of the plaintiff. See Doc. 199-3 (Declaration of Plaintiff). The waivers and stipulations were based on a misunderstanding between former counsel and the plaintiff. Id. While counsel was going over the pretrial conference proposal with the plaintiffs they realized there were both a stipulation of no longer requesting punitive damages, and a waiver of the state law wiretap claim altogether. At no time did either plaintiff intend to make these concessions or stipulations. Id.

Based on the plaintiffs feeling about this miscommunication counsel filed his motion to withdraw and informed the plaintiff the day before the pretrial conference hearing. See Doc. 184. It was common knowledge that a few issues in the proposed pre-trial order are what resulted in the request to withdraw. The magistrate never attempted to address the stipulation or waiver issues in the pretrial order even though this was the direct cause of counsel's motion to withdraw. The court ordered counsel to argue the plaintiff's position on the request to amend a 47 U.S.C 605 claim into the pretrial order but left unaddressed the

unintentionally waived and stipulated claims and then allowed counsel to withdraw. The Magistrate made its report and recommendation to include claims that were directly in conflict with the plaintiffs intentions and also the actual cause of counsel filing his motion to withdraw. See Doc. 179.

Plaintiff at the first opportunity that he was able to speak to the court without counsel filed an objection to the report and recommendation. See Doc. 199. At the time of the objection to the report there were about nine months until the trial was to commence. The plaintiff informed the Court that the discovery/disclosure issues could be offered to the defendant in less than a week. See Doc. 199 at 6. Plaintiff also argued the stipulation issues should be addressed at this early stage in the proceedings mainly because the Tenth Circuit favors cases being decided on the merits and there was no prejudice which could be suffered by the defendant. Id at 7-8. The plaintiff also informed the Court that he did not intend to waive a state law or stipulate to waive the punitive damages claim but it was simply a miscommunication between him and counsel. See Doc. 199 at 7-8. The plaintiff also filed a declaration which was the factual evidence on this subject. See Doc. 199-3. The district court on the other hand found that the plaintiff did not submit any evidence in support of his position about the miscommunication between him and counsel. See Doc. 203 at 3 fn. 5. The plaintiff also months prior to the trial filed a

formal motion to amend the complaint in an attempt to once again cure former counsel's unintentional mistakes well prior to trial. See Doc. 214, 215. The District Court ultimately granted the magistrate's report and recommendation and denied plaintiff's request to amend the complaint. See Doc. 203. The district court ordered a motion in limine conference prior to trial. See Doc. 217. Motions were filed. The plaintiff took the position that the Court should allow him to argue punitive damages and state law claims because his theory was going to be the same at trial regardless and therefore no prejudice would be caused to the defendant. The plaintiff basically reargued the position that the procedural errors from stipulations, waivers and counsel's discovery errors should not dictate the merits of the outcome of this trial. See Doc. 229. In otherwords plaintiff was requesting the jury to determine whether the theory of case resulted in state law and punitive damages not former counsel's errors. T-Mobile argued that the plaintiff should be prevented from using any exhibit because former counsel failed to comply with discovery/disclosure rules. T-Mobile also argued that the plaintiff should not be able to present any claim for punitive damages or state law violation based on former counsel's same failure. The district court denied all motion in limine issues filed by the plaintiff and granted nearly all the motion in limine issues filed by T-Mobile. See Doc. 240. The plaintiff now request this Court to file a notice of an

interlocutory appeal. The district court must certify this request for immediate appeal pursuant to 28 U.S.C. § 1292(b), which authorizes this court to permit an appeal from an interlocutory order certified under that section as long as the application is made by the appealing party within ten days after entry of the order. The plaintiff plans to have his application filed to the Tenth Circuit Court of Appeals within 10 days. The plaintiff understands that until a Court holds otherwise this request does not toll the current trial calendar. This is a notice to interlocutory appeal orders for Doc. #'s 203, 216, 240 of this civil case.

Respectfully ,

/s/       *Anthony Thompson*
Anthony Thompson
1316 SW Western Apt 8
Topeka Kansas, 66604
785-600-8501
Acthompson8254@gmail.com

**CERTIFICATE OF SERVICE**

I Anthony Thompson hereby certify that on May 29, 2023, a true and correct copy of this Notice of Appeal was emailed to the Clerk of the Court for the District of Kansas at 444 SE Quincy Topeka Kansas 66605. An electronic copy of this filing will be sent to Jay E. Heidrick at 900 W. 48th Place, Suite 900, Kansas City Missouri, 664112